UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

UNITED STATES OF AMERICA )
)
v. ) Magistrate Judge
) Docket Criminal No. 04 M 0430 RBC
)
PEDRO VILLANEUVA )
Defendant )

## AFFIDAVIT IN SUPPORT OF RULE 5 PROCEEDING

I, Jeffrey Christo, Deputy United States Marshall, Criminal Investigation Fugitive Unit, do hereby make oath before the Honorable Robert B. Collings, United States Magistrate Judge for the District of Massachusetts, that upon knowledge coming to me in connection with my official duties and as part of the official records of my office, I am advised that there is presently outstanding a warrant of arrest for one Pedro Villaneuva on a complaint filed in the Western District of New York charging the defendant with knowingly and intentionally aiding and abetting the posession with intent to distribute and distribution of more than 500 grams of cocaine, a Schedule II controlled substance, and with conspiracy to commit such offense, in violation of 21 U.S.C. § 846, 841(a)(1), and 841(b)(1)(B), and I do hereby make oath that this warrant of arrest is outstanding in said District on the basis of the information set out above. A copy of said warrant is attached.

                                                                            _____
                                                                            Jeffrey Christo
                                                                            Deputy United States Marshall,
                                                                            Criminal Investigation Fugitive Unit

Subscribed and sworn to before me this 13th day of January, 2004.

HON. ROBERT B. COLLINGS
UNITED STATES MAGISTRATE JUDGE        _____
United States District Court                                   Robert B. Collings
United States Courthouse, - Suite 6420              United States Magistrate Judge
1 Courthouse Way
Boston, MA 02210

# United States District Court

<u>WESTERN</u> DISTRICT OF <u>NEW YORK</u>

UNITED STATES OF AMERICA

v.

PEDRO VILLANEUVA

**WARRANT FOR ARREST**

Case Number: 02-M-_100_

To: The United States Marshal
and any Authorized United States Officer

YOU ARE HEREBY COMMANDED to arrest <u>PEDRO VILLANEUVA</u>
Name

and bring him or her forthwith to the nearest magistrate judge to answer a(n)

( ) Indictment ( ) Information ( X ) Complaint ( ) Order of Court ( ) Violation Notice ( ) Probation Violation Peti

charging him or her with (brief description of offense)

possession with intent to distribute and distribution of cocaine and conspiracy to commit such offense

in violation of Title __21__ United States Code, Section(s) _841(a)(1), 841(b)(1)(B) & 846_

HON. H. KENNETH SCHROEDER, JR.
Name of Issuing Officer

_Signature of Issuing Officer_

United States Magistrate Judge
Title of Issuing Officer

September 9, 2002 at Buffalo, NY
Date and Location

Bail fixed at $ _____ by _____
Name of Judicial Officer

| RETURN |
|---|
| This warrant was received and executed with the arrest of the above-named defendant at _____ |

| DATE RECEIVED | NAME AND TITLE OF ARRESTING OFFICER | SIGNATURE OF ARRESTING OFFICER |
|---|---|---|
| DATE OF ARREST | | |

# United States District Court

_____WESTERN_____ DISTRICT OF _____NEW YORK_____

UNITED STATES OF AMERICA
v.

**CRIMINAL COMPLAINT**

Case Number:

**PEDRO VILLANUEVA**
126 Lisbon Street
Buffalo, New York
DOB: 3/7/77

**JOSE FELIZ**

DOB: 1/22/66

**VICTOR VILLANUEVA**
4 Jewett Street
Buffalo, New York
DOB: 1/12/68

**DERRY MATOS**
746 San Nicholas Avenue
New York, New York
DOB: 3/17/56

I, the undersigned complainant being duly sworn state the following is true and correct to the best of my knowledge and belief.

Between in or about September, 2000 and in or about October, 2002, in Erie County, in the Western District of New York, defendants did knowingly, intentionally and unlawfully aid and abet the possession with intent to distribute and the distribution of more than 500 grams of cocaine, a Schedule II controlled substance, and did knowingly, willfully, and unlawfully combine, conspire and agree, together and with others, known and unknown, to possess with intent to distribute and to distribute cocaine, a Schedule II controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1), 841(b)(1)(B) and 846.

I further state that I am a Special Agent of the Drug Enforcement Administration and that this complaint is based on the following facts:

**SEE ATTACHED AFFIDAVIT**

Continued on the attached sheet and made a part hereof:    (✔) Yes    ( ) No

**MICHAEL E. REHG**
Special Agent - Drug Enforcement Administration
Signature of Complainant

Sworn to before me and subscribed in my presence,

9/1/2002                                    at    Buffalo, New York
Date                                                    City and State

**HON. LESLIE G. FOSCHIO**
**United States Magistrate Judge**
Name & Title of Judicial Officer                          Signature of Judicial Officer

## AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT

STATE OF NEW YORK   )
COUNTY OF ERIE      )   SS.:
CITY OF BUFFALO     )

MICHAEL E. REHG, being duly sworn, deposes and states:

1. I am a Special Agent of the Drug Enforcement Administration (Buffalo District Office) and have been so employed since February, 1999. As such, I am an "investigative or law enforcement officer" of the United States within the meaning of Section 2510(7) of Title 18, United States Code, that is, an officer of the United States who is empowered by law to conduct investigations of and to make arrests for offenses enumerated in Title 21, United States Code, Section 801, et seq. I make this affidavit in support of a criminal complaint charging PEDRO VILLANUEVA, VICTOR VILLANUEVA, DARRY MATOS and JOSE FELIZ, with a criminal complaint charging them with violations of Title 21, United States Code, Sections 841(a)(1), 841(b)(1)(B) and 846 (possession with intent to distribute and distribution of cocaine and conspiracy to commit such offense).

2. From September, 2000 through October, 2000, DEA agents and members of the New York State Attorney General's Organized Crime Task Force have been involved in an investigation of the defendants who are responsible for distributing quantities of

cocaine around the Buffalo, New York area. This investigation has resulted in the arrest of defendants and others and seizures of cocaine and U.S. currency.

3. In September, 2000, your affiant was contacted by a Confidential Source (hereafter referred to as CS) concerning the drug trafficking activities of **PEDRO VILLANUEVA**. CS indicated that **PEDRO VILLANUEVA** received his supply of narcotics from a source in New York City. DEA agents then instructed the CS to arrange an meeting with **PEDRO VILLANUEVA** for the purchase of cocaine.

4. On September 28, 2000, investigators provided the CS with $4,000 for the purpose of purchasing eight (8) ounces of cocaine from **PEDRO VILLANUEVA**. The CS was also provided with an official government vehicle that had a hidden trap inside. The purpose of providing the CS with this vehicle was for the CS to show the hidden trap to **PEDRO VILLANUEVA**. CS then paged **PEDRO VILLANUEVA** to set up a meeting at the CS's residence. When **PEDRO VILLANUEVA** and **VICTOR VILLANUEVA** arrived at the CS's residence, he/she walked up to **PEDRO VILLANUEVA**'s vehicle and entered the car. Once inside the vehicle the CS was handed a plastic bag, containing approximately 225 grams of suspected cocaine, by **VICTOR VILLANUEVA**. Upon receipt of the bag the CS gave $4,000 to **PEDRO VILLANUEVA**. After the exchange was complete all three exited **VILLANUEVA**'s vehicle and

2

went to the official government vehicle which had the hidden trap. At this time the CS demonstrated how the trap worked, whereupon **PEDRO** and **VICTOR VILLANUEVA** expressed an interest in the trap and the possibility of using the vehicle for future drug trafficking. The events at the trapped vehicle were recorded. The suspected cocaine obtained by the CS was field tested by Special Agent Mark Gentile and tested positive for the presence of cocaine.

5. On October 2, 2000, your affiant was contacted by CS concerning the narcotic related activities of **PEDRO VILLANUEVA**. The CS stated that **PEDRO VILLANUEVA** had just received approximately 750 grams of cocaine from **DARRY MATOS** of New York City. CS stated that **MATOS** had delivered the cocaine by car, by driving it from New York City, and delivering it to 4 Jewett Street, Buffalo, New York, the apartment of **VICTOR VILLANUEVA**. After receiving this information, the agents established surveillance of #4 Jewett Street, Buffalo, New York. A short time after establishing this surveillance, the agents observed **PEDRO VILLANUEVA** and **DARRY MATOS** exit the home and enter a tan colored Toyota Camry. They then drove this vehicle to 126 Lisbon Street, Buffalo, New York, where they then exited the vehicle and entered a green colored Nissan. This vehicle is registered to a Raphael Feliz. This green colored Nissan was the same vehicle that was used to deliver the cocaine earlier that day to **PEDRO VILLANUEVA**.

3

6. On October 11, 2000, agents established surveillance of 126 Lisbon Street, Buffalo, New York, the residence of **PEDRO VILLANUEVA**. Later that evening the agents observed **DARRY MATOS** and **JOSE FELIZ** depart 126 Lisbon Street and enter the green colored Nissan. After following the vehicle for a short period of time the agents stopped the green Nissan on Fuhrmann Boulevard in Buffalo, New York. On stopping the vehicle, your affiant spoke to the driver, **JOSE FELIZ**, who stated that the vehicle was his and that it did not contain any cocaine. Your affiant then asked if the driver of the vehicle would consent to a search of it for the presence of cocaine. **JOSE FELIZ** agreed to the search of the vehicle where, after a thorough search, the officers located a white plastic shopping bag containing approximately 415 grams of suspected cocaine, which was located behind the speedometer in the dashboard of the Nissan vehicle. The suspected cocaine was then field tested by Special Agent Fitzpatrick and it tested positive for the presence of cocaine.

7. On October 12, 2000, agents went to the residence of **VICTOR VILLANUEVA** at 4 Jewett Parkway, Buffalo, New York for the purpose of requesting a consent to search his residence for cocaine. **VICTOR VILLANUEVA** granted his consent to search and after a short period of time agents discovered a plastic bag containing approximately 2 grams of suspected cocaine which was located in a

4

bedroom of **VICTOR VILLANUEVA**'s residence. This suspected cocaine was field tested by Special Agent Fitzpatrick and it did test positive for the presence of cocaine. **VICTOR VILLANUEVA** was arrested at this time.

8. On October 12, 2000, agents went to the residence of **PEDRO VILLANUEVA** at 126 Lisbon Avenue, Buffalo, New York, for the purpose of obtaining a consent search of his residence and vehicle. After obtaining his consent, the officers did find approximately 1100 grams of suspected cocaine hidden in a black Chevrolet Caprice, registered to the father of **PEDRO VILLANUEVA**. After questioning **PEDRO VILLANUEVA** it was discovered that this vehicle has been in his care and custody for a period of some time. The suspected cocaine was field tested by Special Agent Fitzpatrick and tested positive for the presence of cocaine. **PEDRO VILLANUEVA** was arrested at this time.

**WHEREFORE**, for the foregoing reasons, your affiant respectfully requests that the attached Complaint issue.

_____
MICHAEL E. REHG
Special Agent
Drug Enforcement Administration

Sworn to before me this
_____ day of August, 2002.

_____
HON. LESLIE G. FOSCHIO
United States Magistrate Judge